## IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

## MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| FELICIA MULDER | * | |
|     Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO:2:06cv-862-MHT |
| LISA WILSON, | * | |
|     Defendants | | |

### PLAINTIFF'S  MEMORANDUM BRIEF REGARDING REMAND TO THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

COMES NOW the plaintiff, by and through counsel, and pursuant to the court's order of October 20, 2006 states as follows:

### INTRODUCTION

This action arose as a result of the plaintiff being arrested and jailed pursuant to a warrant which the defendants had failed to recall, despite being under a legal obligation to so do. The plaintiff filed her action in the Circuit Court of Montgomery County and named as defendants Melissa Rittenour and fictitious parties.

Defendant Rittenour subsequently filed her motion to dismiss and the court scheduled the same for hearing on June 12, 2006, wherein the parties argued the motion and upon argument the Court entered its scheduling order, signed July 3, 2006  and date stamped by the clerk July 5, 2006.

On August 7, 2006 the plaintiff requested leave to amend her complaint as Lisa Wilson had been identified. On the same day the Court issued another scheduling order adding that the matter is reset for hearing on all pending motions.

The court granted the motion for leave to amend on August 17, 2006 and held its hearing on August 23, 2006 as to pending motions. On August 31, 2006 the court granted Rittenour's motion to dismiss.

Defendant Lisa Wilson was served on or about September 17, 2006 with the amended complaint and she filed her notice of removal on or about September 26, 2006.

## REMOVAL PROVISIONS

28 U.S.C. § 1446 (b) provides: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." This section had been interpreted as requiring that each defendant consent to removal.

The **unanimity** requirement mandates that in cases involving multiple defendants, all defendants must **consent** to **removal**." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001) (citing Chicago R. I. & P. Ry. Co v. Martin, 178 U.S. 245, 247-48, 20 S. Ct. 854, 855, 44 L. Ed. 1055 (1900) (deriving from a **removal** statute the rule that all defendants must join in **removal**)).

## STATUTORY COMPLIANCE

Although Wilson filed her notice of removal within thirty days of service of the amended complaint she did not secure the consent of defendant Rittenour, However, Wilson may maintain that consent from Rittenour was not required as the Circuit Court had granted Rittenour's motion to dismiss filed in response to the original complaint. [1]

Rule 54 (b), Alabama Rules of Civil Procedures, establishes the finality of judgments and provides that when multiple parties are involved the court may direct the entry of a final judgment "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The order of the court dismissing Rittenour makes no such express determination and does not direct the entry of judgment and thus the order of the Court is not a final judgment and Rittenour's consent for removal was required or she could have consented within thirty days after the filing of the amended complaint. She neither consented to the removal with Wilson nor timely filed her notice of removal.

## REMAND TO STATE COURT

As Ms. Wilson failed to properly invoke the jurisdiction of this Court, remand to the Circuit Court of Montgomery County is proper and plaintiff prays the Court direct remand.

>                          s/Robert D. Drummond, Jar
>                          Robert D. Drummond, Jr.
>                          Attorney for the Plaintiff
>                          ASB-4619-O78R

---

[1] Rittenour did not amend her motion to dismiss after the amended complaint was filed.

OF COUNSEL:

323 De La Mare Ave.
Fairhope, AL 36532
251-990-6249
fax:251-650-1264
robertdrummond@bellsouth.net


Certificate of Service

    I hereby certify that a copy of the foregoing was served electronically on counsel for the defendant, Matt Bledsoe, 11 South Union Street, Mtg., AL 36130 by filing the same electronically with the Clerk of the Court for the Middle District of Alabama on this the 3rd day of November, 2006.

                              s/Robert D. Drummond, Jr.