IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FELICIA MULDER | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO.: 2:06-CV-862-MHT |
| | * | |
| LISA WILSON | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT'S BRIEF IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

**COMES NOW**, the Defendant, **Lisa Wilson**, by and through Attorney General Troy King, via undersigned counsel, and in opposition to Plaintiff's Motion to Remand, responds as follows:

**PROCEDURAL HISTORY**

1. On March 8, 2006 Plaintiff filed case number CV-06-0641 in the Circuit Court of Montgomery County.

2. The action named Montgomery Circuit Court Clerk, Melissa Rittenour (Ms. Rittenour), individually, and fictitious defendants X, Y, and Z as parties to the Complaint.

3. Count Four (IV) of Plaintiff's Complaint, subtitled (§ 1983), alleges that Defendants violated the due process rights of the Plaintiff as set forth in the Fifth and Fourteenth Amendments to the United States Constitution by failing to recall a warrant, issued for the arrest of the Plaintiff, which had been satisfied due to payment by the Plaintiff.

4. On April 13, 2006 Ms. Rittenour filed a Motion to Dismiss.

5. On August 7, 2006 Plaintiff filed a Motion for Leave to Amend Complaint and an Amended Complaint, naming Lisa Wilson (Ms. Wilson) as a Defendant.

6. On August 17, 2006 Plaintiff's Motion to Amend Complaint was GRANTED.

7. On August 17, 2006 Ms. Wilson was employed by the State of Alabama as a Court Specialist III, handling the traffic docket in the criminal division.

8. Due to unexpected health problems, August 17, 2006 was the last day that Ms. Wilson worked at the Montgomery County Courthouse.

9. On August 31, 2006 Ms. Rittenour's Motion to Dismiss was GRANTED.[1]

10. On September 17, 2006, petitioner was served with a summons and complaint in the above-entitled action, by personal service, in the County of Montgomery, State of Alabama.[2]

11. On September 26, 2006 Ms. Wilson removed the above styled matter to the United States District Court for the Middle District of Alabama.

12. On September 29, 2006 this Court ordered parties to meet and submit a rule 26(f) report.

13. On October 2, 2006 Ms. Wilson filed her Answer to Plaintiff's Complaint.[3]

---

[1] Ms. Wilson, whom had yet to be served, was the only remaining named defendant in the above-entitled action that had not been dismissed from the case.
[2] Ms. Wilson did not know that she had been named as a defendant in the above styled matter until the day she was served.

14. On October 16, 2006 parties submitted their rule 26(f) report indicating that Plaintiff intended to file a motion to remand.

15. On October 20, 2006 Plaintiff filed Plaintiff's Objection to Removal and Motion for Remand to State Court.

16. On October 20, 2006 this Court announced that Remand was set for submission, without oral argument, on November 3, 2006 with all briefs due by said date.

## ARGUMENT

Removal was proper under 28 U.S.C. § 1443(2). The above-entitled action is a 42 USC § 1983 civil suit for money damages and arises under the Fifth and Fourteenth Amendments to the Constitution of the United States. Plaintiff alleges Ms. Wilson failed to discharge her duty to cause the recall of a warrant issued for the Plaintiff's arrest on November 21, 1985 that was allegedly satisfied on March 9, 2004, and caused Plaintiff to be arrested and deprived of her due process rights set forth by the Fifth and Fourteenth amendments to the Constitution of the United States, and appears more fully in the Complaint and Amended Complaint. (Court Doc. No. 1.) 42 U.S.C. § 1983 provides that said deprivation of Plaintiff's Fifth and Fourteenth Amendment rights, if proven, renders Ms. Wilson liable to Plaintiff in an action at law. Plaintiff filed this suit pursuant to 42 U.S.C. § 1983. 28 U.S.C. § 1432(2) allows a defendant to remove a suit "for any act under color of authority derived from any law providing for civil rights, or for refusing to do any act on the ground that it would be inconsistent with such law," commenced in state court "to the district court of the United States for the district and division

---

[3] Ms. Wilson's Answer was the first answer filed by any of the defendants in state or federal court. Ms. Rittenour was dismissed from the case in state court prior to filing an answer.

3

embracing the place wherein it is pending." See Brown v. Florida, 208 F.Supp.2d 1344, 1348 (S.D. Fla. 2002) (noting the language in paragraph (2) of § 1443 is referred to as the "refusal" clause).

Plaintiff argues that removal was improper because Defendant, "Melissa Rittenour did not consent to removal, nor did she [Ms. Rittenour] file a notice of removal within thirty (30) days of service of the complaint. Had this case been removed based on grounds of diversity jurisdiction rather than on grounds of federal question jurisdiction, Plaintiff would be correct. The Eleventh Circuit has held that "§ 1443(2) [is] meant to allow state officials to get before a federal court if they [are] prosecuted or sued for their refusal to enforce discriminatory state laws." Id. at 1349. (citing City of Greenwood v. Peacock, 384 U.S. 808 (1966)). The Brown Court went on to say, the "purpose [of § 1443(2)] could be nullified (or rendered largely ineffective) if a state official had to depend on the agreement of his or her codefendants-who might not share similar interests-for removal, the better view is that no consent is necessary under the 'refusal' clause § 1443(2)." Id. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331. Ms. Wilson is being sued under 42 U.S.C. § 1983 for violating Plaintiff's Fifth and Fourteenth Amendment rights and was entitled to remove this case to this United States District Court by following procedures set forth in 28 U.S.C. § 1446, pursuant to 28 U.S.C. § 1443(2).

Wherefore, Defendant requests that the Plaintiff's Objection to Removal and Motion for Remand to State Court be denied.

Respectfully submitted on this the 3rd day of November, 2006.

  /s/ J. MATT BLEDSOE
J. MATT BLEDSOE (BLE006)
Assistant Attorney General
Attorney for Defendant Lisa Wilson

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7443
(334) 242-2433 (fax)

CERTIFICATE OF SERVICE

I hereby certify that I have, on this the 3rd day of November, 2006, served a copy of the foregoing on the following counsel, by placing same in the United States mail, postage prepaid, and properly addressed as follows:

Robert Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, AL 36532

  /s/ J. MATT BLEDSOE
OF COUNSEL