IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| FELICIA MULDER, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:06cv862-MHT |
| | ) | (WO) |
| LISA WILSON, | ) | |
| | ) | |
|    Defendant. | ) | |

OPINION AND ORDER

Plaintiff Felicia Mulder intially filed this lawsuit in the Circuit Court of Montgomery County, Alabama, on August 7, 2006. Defendant Lisa Wilson filed a notice of removal to federal court based on federal-question jurisdiction on September 26, 2006. 28 U.S.C. §§ 1331, 1441(b). Mulder has moved to remand. For the reasons that follow, the court concludes that Mulder's motion should be granted and that this lawsuit should be remanded to the state court from which it was removed.

## I. BACKGROUND

This suit began in state court as an action against Melissa Rittenour and three fictitious defendants X, Y, and Z. In addition to numerous state-law claims, the complaint alleged a violation of the due process clauses of the Fifth and Fourteenth Amendments, as enforced through 42 U.S.C. § 1983. Some time later, Mulder amended her complaint to name Wilson as a defendant. Subsequently, the court dismissed Rittenour as a defendant. Wilson, the only remaining named defendant, removed the case to this federal district court.

Mulder objects to Wilson's notice of removal and has moved the court to remand. Mulder notes that, although the court granted Rittenour's motion to dismiss and ordered Rittenour dismissed as a defendant, that dismissal was not entered as a final judgment as to Rittenour. Pl. Br. at 3. Thus, Rittenour remained a party to the action. Mulder further states that, in cases involving multiple defendants, all defendants must

consent to removal. Therefore, Mulder argues, Wilson could not remove the case to federal court without the consent of Rittenour, whose dismissal from the suit was not a final judgment, and, because that consent was not obtained, remand is warranted.

In response, Wilson does not appear to contest Mulder's argument that Rittenour remains a party to the action. Rather, Wilson argues that the unanimity requirement applies to only cases where federal jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332. Def. Br. at 4 ("Had this case been removed based on grounds of diversity jurisdiction rather than on grounds of federal question jurisdiction, <u>Plaintiff would be correct</u>.") (emphasis added). Consequently, Wilson appears to concede that, if the court were to find that the unanimity requirement does apply in this case, then she was obligated to obtain Rittenour's consent for removal and failed to do so.

## II. DISCUSSION

"[I]n cases involving multiple defendants, all defendants must consent to removal." Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1044 (11th Cir. 2001); see also Lamkin v. Media General, Inc., 302 F.Supp.2d 1293, 1294 (M.D. Ala. 2004) (Thompson, J.). This requirement, known as the "rule of unanimity," id., flows from the Supreme Court's interpretation of the federal removal statute in Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 247-48 (1900). Courts now read the unanimity requirement into the statutory procedures for removal codified at 28 U.S.C. § 1446(a).[1]  Tri-Cities

---

1. Section 1446(a) provides:

> "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all
> (continued...)

Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970).[2]

Wilson argues that she was not required to obtain Rittenour's consent because the case was removed based on federal-question jurisdiction, not diversity jurisdiction. That is incorrect. As the former Fifth Circuit Court of Appeals has stated, the rule of unanimity is not limited to diversity jurisdiction, but applies to federal-question jurisdiction as well:

> "Only defendants may remove, either on the ground of a federal question or by

---

(...continued)
> process, pleadings, and orders served upon such defendant or defendants in such action."

28 U.S.C. § 1446(a). "This provision has been interpreted to require that all defendants join in the removal petition." Hernandez v. Seminole County, 334 F.3d 1233, 1237 n.3 (11th Cir. 2003).

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> reason of diversity of citizenship. ...
> In both cases all of the defendants must
> join in the petition to remove ...."

Sheets v. Shamrock Oil & Gas Corp., 115 F.2d 880, 883 (5th Cir. 1940); see also In re Bethesda Mem. Hosp., Inc., 123 F.3d 1407, 1410 n.2 (11th Cir. 1997); Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); Orion Refining Corp. v. Fluor Enterprises, Inc., 319 B.R. 480, 485 (E.D. La. 2004) (Vance, J.); Ell v. S.E.T. Landscape Design, Inc., 34 F.Supp.2d 188, 193 (S.D.N.Y. 1999) (Conner, J.); McShares, Inc. v. Barry, 979 F.Supp. 1338, 1342 (D. Kan. 1997) (Crow, J.); Spillers v. Tillman, 959 F.Supp. 364, 369 (S.D. Miss. 1997) (Bramlette, J.); Roe v. Little Co. of Mary Hosp., 815 F.Supp. 241, 243 (N.D. Ill. 1992) (Parsons, J.); Hess v. Great Atl. & Pac. Tea Co., 520 F.Supp. 373, 375-76 (N.D. Ill. 1981) (Grady, J.).  Therefore, federal-question jurisdiction does not relieve Wilson of her obligation to obtain Rittenour's consent for removal.

Wilson also argues that Rittenour's consent was not required because the removal was proper under 28 U.S.C. § 1443(2).[3] In <u>Brown v. Florida</u>, 208 F.Supp.2d 1344, 1348 (S.D. Fla. 2002) (Jordan, J.), the district court held that the unanimity requirement did not apply to removal pursuant to § 1443(2). Here, this court need not decide whether to adopt the holding of <u>Brown</u>, because § 1443(2) does not apply to this case.

---

3.   Section 1443 provides:

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

First, Wilson's notice of removal stated that removal was proper under 28 U.S.C. § 1441(b);[4] Wilson did not mention § 1443 until Mulder filed her motion for remand. Under 28 U.S.C. § 1446(a), the notice of removal must contain the grounds therefor.[5]  Wilson, by her notice, sought to ground removal in § 1441(b), not § 1443.

Second, even if Wilson had originally sought removal under § 1443, that statute cannot be used for removal of cases asserting violations of constitutional rights generally; it applies to only those cases involving

---

4. Section 1441(b) provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

5.  The text of § 1446(a) is reprinted at note 1, supra.

'equal rights' and the statutes protecting it: "[T]he phrase 'any law providing for ... equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality[] ... 'as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.'" Georgia v. Rachel, 384 U.S. 780, 792 (1966) (quoting New York v. Galamison, 342 F.2d 255, 271 (2d Cir. 1965)); see also Alabama v. Conley, 245 F.3d 1292, 1295-96 (11th Cir. 2001). For example, § 1443 removal is proper under the Civil Rights Act of 1964. Rachel, 384 U.S. at 792-93. It is not proper under § 1983 generally. Conley, 245 F.3d at 1295-96.

Here, Mulder has alleged that Wilson violated her due process rights under the Fifth and Fourteenth Amendments, as enforceable through § 1983. As Rachel makes clear, this claim cannot be removed under § 1443. Therefore, even if § 1443 does not contain a unanimity requirement,

9

and even if Wilson had invoked § 1443 when removal was sought, she cannot avoid the unanimity requirement on that basis in the instant case.

Therefore, because this court lacks subject-matter jurisdiction, it is ORDERED that plaintiff Felicia Mulder's motion to remand to state court (doc. no. 7) is granted, and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama.

The clerk of the court is DIRECTED to take the appropriate steps to effect the remand.

DONE, this the 20th day of November, 2006.

                                  /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**